KATHERINE D. CARNEGIE, Plaintiff, *v.* THOMAS M. CARNEGIE, JR., Defendant.

Supreme Court, Special Term, New York County, May 31, 1950.

*Anderson & Carew* for plaintiff.

*Hartman, Sheridan & Tekulsky* for defendant.

STEUER, J. Plaintiff wife instituted proceedings for a separation, by service without the State. Defendant husband appeared specially to contest the jurisdiction. At the same time he began an action for divorce in the State of Georgia, serving this plaintiff by publication. In New York the jurisdictional questions were referred to an Official Referee. Confirmation of the Referee's report was refused by Special Term on the ground that the essential facts were not properly found and a new reference was ordered. The Appellate Division modified this order by directing Special Term to find the facts necessary to determine jurisdiction. This order was dated October 26, 1948. Plaintiff took no steps in the action or under this order, but instead on November 30, 1948, appeared in the Georgia action under a provision of the law of that State allowing a defendant in an undefended divorce action to appear within thirty days of the granting of a decree and plead good cause for modifying or setting aside the decree (Georgia Code, tit. 30, § 30–101). Plaintiff's application was denied. The issue was raised whether a timely application required the court to go into the merits of the original application and any other application that the appearing defendant might make. It was held that it did not and that unless the defendant showed " good cause ", which apparently means good reasons to excuse the original default, the original determination would not be questioned. This determination was upheld on appeal.

Defendant husband contends that there is, therefore, a final judgment of divorce rendered in an action in a sister State and in which action plaintiff has appeared and participated. If this is sound, events arising since the order of the Appellate Division render compliance with it not only unnecessary but improper.

The only question arises from the nature of the proceedings in Georgia. It was held in that case that before plaintiff wife (defendant there) could raise any issue in regard to her husband's right to a divorce, she must first show facts excusing her default. It was further held that no such facts were shown. Consequently, there was no hearing on the merits. This, however, does not affect the situation. Plaintiff submitted herself to the jurisdiction of the Georgia courts. Her submission, due to her own fault, did not entitle her to contest the merits. But the submission was as complete and her election of the forum as final as if her application had been successful. There is, therefore, a final decree in another State, which decree she is not in a position to challenge.

The motion is denied.